LOCAL 1383 OF THE INTERNATIONAL ASSOCIATION OF
FIREFIGHTERS, AFL-CIO v CITY OF WARREN

Docket No. 77-5147. Submitted October 11, 1978, at Detroit.—Decided
March 19, 1979. Leave to appeal applied for.

Local 1383 of the International Association of Fire Fighters, AFL-
CIO, executed a collective bargaining agreement covering
wages, hours and conditions of employment for members of the
fire department for the City of Warren. The contract provided
that seniority and its application shall be governed by the
firemen and policemen civil service act except that promotions
were to be based upon seniority and reasonable qualifications
as determined by the fire department after consultation with
the union. The city Fire Commissioner submitted a list of
names to the Civil Service Commission from which he would
make promotions. The Civil Service Commission advised the
Fire Commissioner that the firemen and policemen civil service
act required that the qualifications and fitness of firemen for
promotions be ascertained through competitive examinations
and that that civil service act was constitutional because the
city's electors had never voted to rescind or repeal the act's
effectiveness. Local 1383 then filed an action against the City of
Warren and the Police and Fire Civil Service Commission for
the City of Warren for a declaratory judgment in Macomb
Circuit Court. Subsequently, both parties filed motions for
summary judgment. Walter P. Cynar, J., granted summary
judgment to defendants finding that the agreement to promote
firemen through selection by the fire department after consulta-
tion with the union was void and of no effect because of its
conflict with the firemen and policemen civil service act and
the charter of the City of Warren. Plaintiff appeals. *Held:*

    1. The firemen and policemen civil service act provides that

REFERENCES FOR POINTS IN HEADNOTES
[1] 15A 15A Am Jur 2d, Civil Service §§ 38, 41.
[2] 15A Am Jur 2d, Civil Service § 9.
[3] 48A Am Jur 2d, Labor and Labor Relations §§ 1770, 1790-1792.
[4] 51A Am Jur 2d, Civil Service §§ 1, 2, 27.
    56 Am Jur 2d, Municipal Corporations § 110.
[5] 48A Am Jur 2d, Labor and labor Relations § 1764 et seq.
[6] 48 Am Jur 2d, Labor and Labor Relations §§ 1799, 1800.

qualifications and fitness for appointments and promotions of firemen can only be ascertained by competitive examinations. Once the civil service act was adopted by the City of Warren it remained in full force and effect and prevailed over any conflicting provisions in the collective bargaining agreement between the local and the City of Warren.

2. A constitutional provision insures that no merit system for public employees can be modified without a vote of a majority of the electors of the political entity involved. The constitution controls conflicting provisions in a collective bargaining agreement; therefore, an attempt to change the procedure for appointment and promotion of firemen without having held an election is in violation of the constitution and the contract provision in the bargaining agreement is void and unenforceable.

Affirmed.

1. LABOR RELATIONS — MUNICIPAL CORPORATIONS — FIREMEN AND POLICEMEN — CIVIL SERVICE — APPOINTMENTS AND PROMOTIONS — EXAMINATIONS — STATUTES.

The firemen and policemen civil service act establishes a merit promotional system for policemen and firemen, and under that act qualifications and fitness for appointments and promotions can be ascertained only by competitive examinations (MCL 38.507; MSA 5.3357).

2. LABOR RELATIONS — MUNICIPAL CORPORATIONS — FIREMEN AND POLICEMEN — CIVIL SERVICE — PUBLIC VOTE — REPEAL — STATUTES.

A public vote is required to establish a civil service system for firemen and policemen in a city; once the system has been adopted, the firemen and policemen civil service act continues in full force and effect until rescinded and repealed by a majority of the electors at an election at which the question of rescission and repeal has been properly presented (MCL 38.518; MSA 5.3369[1]).

3. LABOR RELATIONS — MUNICIPAL CORPORATIONS — COLLECTIVE BARBAINING — PUBLIC EMPLOYER — STATUTES.

The public employment relations act requires a public employer to bargain collectively with its employee's representative with respect to wages, hours, and other terms and conditions of employment (MCL 423.215; MSA 17.455[15]).

4. MUNICIPAL CORPORATIONS — PUBLIC EMPLOYEES — MERIT SYSTEMS — APPOINTMENTS AND PROMOTIONS.

Merit systems for appointments and promotions of public employees, once properly adopted by a unit of local government,

cannot be modified without a vote of the electorate of the political entity involved (Const 1963, art 11, § 6).

5. LABOR RELATIONS — PUBLIC EMPLOYEES — PERA — CONSTITU-
TIONAL LAW.

The public employment relations act (PERA) is the dominant law regulating public employee relations with public employers; however, the statutory provisions of PERA do not control over conflicting constitutional provisions.

6. LABOR RELATIONS — COLLECTIVE BARGAINING AGREEMENTS — LE-
GAL STANDARDS — CONSTITUTIONAL LAW.

Contract provisions in collective bargaining agreements are unen-forceable where such provisions violate another applicable legal standard; while parties involved in collective bargaining are permitted wide latitude in their own contractual agreements, such agreements cannot disregard other laws or be in conflict with the constitution.

*Gregory, Van Lopik & Korney,* for plaintiff.

*John J. Murray,* Chief Assistant City Attorney, for defendants.

Before: M. F. CAVANAGH, P.J., and D. E. HOL-
BROOK, JR. and N. J. KAUFMAN, JJ.

D. E. HOLBROOK, JR., J. Plaintiff is a labor orga-nization and is the recognized collective bargaining representative of all employees of the fire depart-ment of the City of Warren, except the Fire Com-missioner and civilian employees. Pursuant to this relationship, plaintiff and defendant City of War-ren executed a collective bargaining agreement covering wages, hours and conditions of employ-ment for those members of the fire department of the City of Warren represented by plaintiff. This contract provided in part as follows:

"Article 12—Seniority
"(a) Seniority and its application shall be governed by the provision of Act 78, Public Acts of 1935, except as provided in Section (b) below.
"(b) It is agreed that the promotional system for

employees in the Local 1383 bargaining unit shall provide for promotions based upon seniority and reasonable qualifications as may be determined by the Fire Department after consultation with the union."

Pursuant to this agreement the Fire Commissioner advised the Police and Fire Civil Service Commission for the City of Warren that he was in the process of qualifying men for the next higher position and would submit a list of names to the Civil Service Commission from which he would make promotions. The Civil Service Commission responded by advising the Fire Commissioner that under 1935 PA 78, as amended, MCL 38.501 *et seq.;* MSA 5.3351 *et seq.,* the Police and Fire Civil Service Commission ascertains through competitive examinations the qualifications and fitness for promotions for any paid members of the fire department. Further the Commission indicated it was unaware of any election in which the electors of the City of Warren had voted to rescind or repeal the act's effectiveness within the City of Warren. Plaintiff then filed an action for declaratory judgment claiming that the terms of the collective bargaining agreement prevailed over any contrary provisions of 1935 PA 78, as amended, and/or any rules or regulations adopted pursuant to the act. Both parties filed motions for summary judgment. The trial court granted summary judgment to defendants finding that art 12, § (b) of the agreement between the parties was void and of no effect because of its conflict with 1935 PA 78 and the Warren charter. From this order plaintiff appeals as of right.

On appeal plaintiff argues that promotional criteria for firemen is a mandatory subject of bargaining under PERA, MCL 423.201 *et seq.;* MSA 17.455(1) *et seq.,* thus making it proper to

include a provision concerning promotional criteria within the collective bargaining agreement. Plaintiff further contends that the provision concerning promotions contained in the collective bargaining agreement, which was entered into under the authority of PERA, controls over contrary provisions of the firemen and policemen civil service act which was incorporated by reference in the charter of the City of Warren. We disagree with the plaintiff and affirm the trial court.

The firemen and policemen civil service act, 1935 PA 78, MCL 38.501 *et seq.;* MSA 5.3351 *et seq.,* establishes a merit promotional system for policemen and firemen. The statute provides specifically that,

"On or after the date this act takes effect, appointments to and promotions in all paid fire and/or police departments of cities, villages or municipalities of any population whatsoever shall be made only according to qualifications and fitness to be ascertained by examinations, which shall be competitive, and no person shall be appointed, reinstated, promoted or discharged as a paid member of said departments regardless of rank or position, in any fire or police department of any city, village or municipality in the state of Michigan, in any manner or by any means other than those prescribed in this act." MCL 38.507; MSA 5.3357.

Section 12 of the act specifies the procedure to be followed to accomplish any promotion.[1] In order to establish an Act 78 civil service system a vote of the public is required.[2] Once Act 78 has been

---

[1] MCL 38.512; MSA 5.3362.

[2] MCL 38.517a; MSA 5.3368 states:

"The foregoing provisions of this act shall not take effect in any city, village or municipality until approved by a majority of the electors voting thereon at an election at which the question of adoption of this act for that city, village or municipality is properly submitted."

adopted by a city, the act itself is explicit concerning the method of rescinding or repealing the established civil service system. The act states:

"The foregoing provisions of this act shall continue in full force and effect in any city, village or municipality at which it has been properly adopted until rescinded and repealed by a majority of the electors voting thereon at an election at which the question of rescission and repeal of this act for that city, village or municipality is properly submitted." MCL 38.518; MSA 5.3369(1).

In 1956 a proposed charter for the City of Warren, which incorporated by reference Act 78, was adopted by the electors. The Police and Fire Civil Service Commission for the City of Warren created by this voter approval has continued in existence since there has been no repeal or rescission of the commission by a vote of the electors as required by MCL 38.518; MSA 5.3369(1).

Pursuant to the authority granted to the Legislature by Const 1963, art 4, § 48, the Legislature enacted the public employment relations act (PERA), MCL 423.201 *et seq.;* MSA 17.455(1) *et seq.* Section 15 of PERA sets forth the collective bargaining responsibilities of the public employer and the representative of the employees.[3] Under

---

[3] MCL 423.215; MSA 17.455(15) states:

"A public employer shall bargain collectively with the representatives of its employees as defined in section 11 and is authorized to make and enter into collective bargaining agreements with such representatives. For the purpose of this section, to bargain collectively is the performance of the mutual obligation of the employer and the representative of the employees to meet at reasonable times to confer in good faith with respect to wages, hours, and other terms and conditions of employment, or the negotiation of an agreement, or any question arising thereunder, and the execution of a written contract, ordinance or resolution incorporating any agreement reached if requested by either party, but such obligation does not compel either party to agree to a proposal or require the making of a concession."

this section the standards and criteria for promotion are "terms and conditions of employment" and the mandatory subject of collective bargaining. *Detroit Police Officers Ass'n v Detroit,* 61 Mich App 487, 494; 233 NW2d 49, *lv den,* 395 Mich 756 (1975), *reh den,* 396 Mich 989 (1976). Pursuant to this obligation to bargain, the City of Warren and Local 1383 concluded a contract which included the contested Article 12. The provisions of this article, if implemented, would modify the existing Act 78 civil service system without a vote of the electors of the City of Warren as required by MCL 38.518; MSA 5.3369(1).

Implementation of Article 12 of the collective bargaining agreement would also conflict with Const 1963, art 11, § 6, which states that:

"By ordinance or resolution of its governing body which shall not take effect until approved by a majority of the electors voting thereon, unless otherwise provided by charter, each county, township, city, village, school district and other governmental unit or authority may establish, modify or discontinue a merit system for its employees other than teachers under contract or tenure. The state civil service commission may on request furnish technical services to any such unit on a reimbursable basis."

The intent of this constitutional provision was to insure that no merit system for public employees would be modified without a vote of the electorate of the political entity involved.[4]

---

[4] The debate concerning intent behind Const 1963, art 11, § 6, is found at 2 Official Record, Constitutional Convention 1961, pp 2796-2797:

"Mr. Allen: Mr. President, may I ask a question of Mr. Martin?

"President Nisbet: Mr. Martin.

"Mr. Allen: I wonder how this would be interpreted. I know the intent here is to broaden civil service opportunities for local units of government but I wonder if, inadvertently, there may not be some

While the Michigan Supreme Court has con-
strued PERA to be the dominant law regulating
public employee relations, *Rockwell v Crestwood
School Dist,* 393 Mich 616, 629; 227 NW2d 736

narrowing of it in this sort of situation. The city charters of some of
our cities provide that the local governing body may put in a civil
service plan. This is done by ordinance and it is not referred to a vote
of the people. However, when the charter was adopted, the people
voted on the charter. Now, I am wondering, under the language
which is offered here, whether or not a city which has a charter
which authorizes the city council to put in a civil service plan without
a vote of the people would be permitted to do so.

"Mr. Martin: Mr. President, Mr. Allen, I think it would. I think
that the provisions of the charter would, in that case, control the
rights of the people in that particular community, that charter
having been adopted under the home rule provisions.

"Mr. Allen: The language, Mr. Martin, if literally read, seems to
say that the ordinance and resolution must be approved by a vote of
the people.

"President Nisbet: Mr. Martin.

"Mr. Martin: Mr. Allen, if you wanted to make it clear by an
amendment that the provisions of home rule charter shall in any
event prevail, I would see no objection to that. The committee
certainly would not object, I'm sure.

"Mr. Allen: Could I ask another question in connection with the
same thing? We have also a number of cities which in their charter
have provided, or even by an ordinance which had been referred to a
vote of the people, have set up a civil service plan, but then they want
to abolish it or they want to modify it in some way. Would your
amendment require, in case civil service was to be given up, a vote of
the people, even though the city charter provided that the city
counsel could do it on its own vote?

"Mr. Martin: Mr. President, I think not. I think the local governing
body would have authority in that situation without a further vote of
the people. The vote of the people refers to—let's see, reading it here
—refers to 'establish, modify or discontinue.' I'm sorry, I'll change my
answer. I think a vote of the people would be required to modify or
discontinue.

"Mr. Allen: Despite what the charter said?

"Mr. Martin. No. I am proposing that we add a sentence to the
effect that no part of this proviso or this proposal, section, shall in
any way abrogate the provisions of existing charters.

"Mr. Allen: Mr. President, I don't have such an amendment ready;
because this language having just come in, there hasn't been the
opportunity. I would be willing to have style and drafting do this.

"Mr. Martin: We have no objection to that, Mr. Allen.

"Mr. Allen: As long as our intent is clearly understood.

"Mr. Martin: It is clearly understood.

"Mr. Allen: That will be satisfactory. Thank you."

(1975), it has held that the statutory provisions of PERA do not control over conflicting constitutional provisions. In *Regents of the University of Michigan v Employment Relations Comm,* 389 Mich 96, 109; 204 NW2d 218 (1973), the Court stated that some conditions of employment normally the subject of collective bargaining under PERA could not be a subject of bargaining because there would be a violation of Const 1963, art 8, § 5. Were the instant conflicts solely between the statutory provisions of PERA and Act 78, we would probably find *Detroit Police Officers Ass'n v Detroit,* 391 Mich 44; 214 NW2d 803 (1974), controlling so as to require a finding that the provisions of the collective bargaining agreement prevailed over conflicting Civil Service Commission promotional guidelines. However, in the face of conflict with Const 1963, art 11, § 6, we hold that the provisions of the collective bargaining agreement cannot modify or alter an existing civil service system.

Holding as we do concerning the conflict between PERA and the Const 1963, art 11, § 6, we affirm the decision of the trial court that Article 12 of the collective bargaining agreement is void.[5] Implementation of this article would violate the mandate of Const 1963, art 11, § 6. While the parties involved in collective bargaining are permitted wide latitude in their own contractual agreement, the agreement reached may not disregard other laws. *United Mine Workers of America v Pennington,* 381 US 657; 85 S Ct 1585; 14 L Ed 2d 626 (1965). Where, as in this instance, part of the agreement reached does violate another applicable legal standard, the contract provision is

---

[5] Our decision should not be read as prohibiting bargaining on this subject. In this instance it is not the actual bargaining that violates the Constitution of 1963, art 11, § 6, but rather the effect of the implementation of the agreement reached.

unenforceable. *Detroit Police Officers Ass'n v Detroit, supra* at 54, fn 6.

Affirmed. No costs, a public question being involved.